IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEYONA CAMPBELL,<br><br>    Plaintiff,<br><br>    v.<br><br>EDWARD-ELMHURST HEALTH, NS EE HOLDINGS, NORTHSHORE EDWARD-ELMHURST HEALTHCARE, JAY ROBERT PRITZKER in his official capacity as Governor of the State of Illinois, and KWAME RAOUL in his official capacity as Illinois Attorney General,<br><br>    Defendants. | No. 23-cv-02799<br><br>Judge John F. Kness |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Keyona Campbell sued Defendants Edward-Elmhurst Health ("EH"), NS EE Holdings, Northshore Edward-Elmhurst Healthcare (collectively, "EE Defendants"), Illinois Governor Jay Robert Pritzker in his official capacity, and Illinois Attorney General Kwame Raoul in his official capacity (together, "State Defendants"), alleging that the EE Defendants deprived Plaintiff of an employment opportunity through enforcement of their COVID-19 vaccine mandate and that the Illinois state law allowing such mandates is illegal. (*See generally* Dkt. 20.) All Defendants now move to dismiss (*see* Dkt. 32, 38), and argue, among other things, that Plaintiff lacks standing to bring this suit. (*See generally* Dkts. 32, 38-1.) As

explained below, the Court agrees that Plaintiff has not established standing. As a result, the Court lacks jurisdiction, and the case must be dismissed without prejudice.

I.  **BACKGROUND**

Plaintiff secured an employment opportunity with EH. (Dkt. 20 ¶ 16.) At the time, EH required that employees be vaccinated against COVID-19, but EH provided a procedure for employees to seek a religious exemption from the mandate. (*Id.* ¶ 17.) Plaintiff sought a religious exemption, and EH denied that request. (*Id.* ¶ 20.) Plaintiff appealed the denial, and EH approved the exemption with the additional requirements that Plaintiff undergo weekly COVID-19 testing and reapply for a religious exemption after three months. (*Id.* ¶¶ 20–21.) Plaintiff did not take the job. (*See id.* at 29.)

Plaintiff sued the EH Defendants and the State Defendants alleging that (1) the initial denial of her religious exemption request and the temporariness of the approval on appeal constituted religious discrimination by the EH Defendants; and (2) Section 13.5 of the Health Care Right of Conscience Act, 745 ILCS 70, which declared that employers' actions "intended to prevent contraction or transmission of COVID-19" did not violate that Act, violated the Illinois Constitution, United States Constitution, and Illinois, federal, and international law. (*See generally* Dkt. 20.) EH Defendants move to dismiss (Dkt. 32), as do the State Defendants (Dkt. 38).

## II. LEGAL STANDARD

### A. Motion to Dismiss

A motion under Rule 12(b)(1) challenges the Court's subject matter jurisdiction over a case. Motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) "are meant to test the sufficiency of the complaint, not to decide the merits of the case." *Ctr. For Dermatology & Skin Cancer Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014). When considering a Rule 12(b)(1) motion, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff. *Id.* But the plaintiff bears the burden of proving that the jurisdictional requirements have been met. *Id.*

A motion under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Each complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put another way, the complaint must present a "short, plain, and plausible factual narrative that conveys a story that holds together." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) (cleaned up). In evaluating a motion to dismiss, the Court must accept as true the complaint's factual allegations and draw reasonable inferences in

the plaintiff's favor. *Iqbal*, 556 U.S. at 678. But even though factual allegations are entitled to the assumption of truth, mere legal conclusions are not. *Id.* at 678–79.

### B. Standing

As the Supreme Court has instructed, "the irreducible constitutional minimum of standing contains three elements:" (1) an "injury in fact" that is both "concrete and particularized" and "actual or imminent"; (2) a "causal connection between the injury and the conduct complained of"; and (3) a likelihood "that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (cleaned up). Adherence to the doctrine of standing ensures that "federal courts exercise their proper function in a limited and separated government." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (quotations omitted). Establishing standing is the plaintiff's burden. *Id.* at 431.

### III. DISCUSSION

Plaintiff alleges that EH offered Plaintiff a job but required either compliance with its COVID-19 vaccine mandate or receipt of a religious accommodation; after Plaintiff appealed EH's denial of her first application, EH granted her a religious exemption. (Dkt. 20 ¶¶ 16–17, 117–18.) This grant was temporary, as EH required Plaintiff to resubmit a religious exemption application three months later. (*Id.* at ¶ 118.)

The EH Defendants argue that Plaintiff failed to establish standing because "she has not suffered any injury." (Dkt. 32 at 5.) Similarly, the State Defendants argue that Plaintiff lacks standing to bring this lawsuit "because the issues presented

4

are not 'live.' " (Dkt. 38-1 at 5.) All Defendants premise their lack of standing arguments on the fact that EH approved Plaintiff's religious exemption request on appeal. (*See* Dkt. 32 at 5; Dkt. 38-1 at 5.)

Plaintiff disagrees and contends that EH's approval subject to testing and reconsideration within three months did not amount to an exception. (Dkt. 68 at 22.) Plaintiff therefore seems to contend that her injury was EH's refusal to provide her a reasonable accommodation for her sincerely held religious beliefs. (*See id.*) Plaintiff argues that "a provisional 'temporary approval' is not an approval" (Dkt. 68 at 22) because, as Plaintiff sees it, the temporary approval required that Plaintiff decide between getting vaccinated or being "subject[ed] to another exemption process that would be a severe consequence of exercising her fundamental and unalienable rights to refuse administration of the COVID-19 'vaccines' " (Dkt. 20 ¶ 25). Plaintiff goes on to argue that she has standing to sue because her purported injury is "imminent to occur again from EH and other employers under the orders of the State Defendants." (*Id.*) Plaintiff also argues that it was "State Defendants['] motive to coerce, threaten, and force Plaintiff into choosing between her sincerely held God-given freedoms and practices and her right to livelihood" that caused her "irreparable harm." (*Id.*)

At the outset, the Seventh Circuit has held that qualification for a religious exemption to a vaccine mandate precludes standing to challenge that mandate in federal court. *See Klaassen v. Trustees of Indiana University*, 24 F.4th 638, 639 (7th Cir. 2022) (per curiam) (citing *Klaassen v. Trustees of Indiana University*, 7 F.4th 592,

5

593 (7th Cir. 2021) (only college students who did not qualify for University exemption could establish "a justiciable controversy").

Plaintiff's specific argument that the temporariness of EH's approval of her religious exemption request still amounts to an injury because it forced her either to receive the vaccine or reapply for the exemption fares no better. Being subjected to an exemption process—especially one that had just resulted in a grant of an exemption—is not an injury for standing purposes. *See Savel v. MetroHealth System*, 96 F.4th 932, 940 (6th Cir. 2024) (fear that employer may not renew religious exemption for COVID-19 vaccine mandate "too conclusory to establish a cognizable past injury") (internal quotations omitted). Plaintiff therefore fails adequately to allege a concrete injury.

Plaintiff's argument that further injury is imminent is similarly unavailing. Plaintiff argues that her injury—discrimination in employment because of her religious opposition to receiving the COVID-19 vaccine—is "imminent to occur again from EH and other employers under the orders of the State Defendants . . . ." (Dkt. 68 at 22.) But the State Defendants explain that Governor Pritzker revoked his executive order mandating that healthcare workers receive the COVID-19 vaccine on October 17, 2022—seven months before Plaintiff initiated this suit. (Dkt. 69 at 3.) That fact cuts strongly against imminence of future injury. Even if it did not, the injury Plaintiff fears remains too theoretical. *See Savel*, 96 F.4th at 940.

In sum, Plaintiff's argument that she suffered religious discrimination at the hands of Defendants is belied by her admission that the EH Defendants granted her

6

a religious exemption to the COVID-19 vaccine mandate established under the State Defendants' order. Plaintiff fails sufficiently to allege that EH's requirement that she resubmit her religious accommodation request within three months constitutes an imminent injury; it is far too speculative to allege that her later request would have been denied, given that her earlier request for accommodation had been approved by the same body. Plaintiff therefore fails to allege an injury-in-fact and so does not have standing to bring this lawsuit.

## IV.   CONCLUSION

For the reasons stated above, Defendants' motions to dismiss are granted.

SO ORDERED in No. 23-cv-02799.

Date: May 17, 2024

JOHN F. KNESS
United States District Judge