IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEYONA CAMPBELL, | |
| Plaintiff, | No. 23-cv-02799 |
| v. | Judge John F. Kness |
| EDWARD-ELMHURST HEALTH, NS EE HOLDINGS, NORTHSHORE EDWARD-ELMHURST HEALTHCARE, JAY ROBERT PRITZKER in his official capacity as Governor of the State of Illinois, and KWAME RAOUL in his official capacity as Illinois Attorney General, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Keyona Campbell sued Defendants Edward-Elmhurst Health ("EH"), NS EE Holdings, Northshore Edward-Elmhurst Healthcare (collectively, "EE Defendants"), Illinois Governor Jay Robert Pritzker in his official capacity, and Illinois Attorney General Kwame Raoul in his official capacity (together, "State Defendants"), alleging that the EE Defendants deprived Plaintiff of an employment opportunity through enforcement of their COVID-19 vaccine mandate and that the Illinois state law allowing such mandates is illegal. (*See generally* Dkt. 74.) This Court previously dismissed Plaintiff's complaint for lack of standing but gave Plaintiff leave to file another amended complaint. (Dkt. 72.) After Plaintiff filed her second amended

complaint, all Defendants once again moved to dismiss (*see* Dkt. 77, 80), arguing, among other things, that Plaintiff lacked standing to bring this suit. (*See generally* Dkts. 77, 80.)

As explained below, the Court agrees that Plaintiff has not established that she has standing to bring this suit. Plaintiff's desire to avoid reapplying for a religious exemption, ongoing underemployment, and fears of future employers requiring vaccination or imposing other COVID-19 mitigation measures do not, and cannot, give rise to standing because they are not injuries in fact. As a result, the Court lacks jurisdiction, and the case must be dismissed.

## I. BACKGROUND

Plaintiff secured an employment opportunity with EH. (Dkt. 20 ¶ 16.) At the time, EH required that employees be vaccinated against COVID-19, but EH provided a procedure for employees to seek a religious exemption from the mandate. (*Id.* ¶ 17.) Plaintiff sought a religious exemption, and EH denied that request. (*Id.* ¶ 20.) Plaintiff appealed the denial, and EH approved the exemption with the additional requirements that Plaintiff undergo weekly COVID-19 testing and reapply for a religious exemption after three months. (*Id.* ¶¶ 20–21.) Plaintiff did not take the job. (*See id.* at ¶ 29.)

Plaintiff sued the EH Defendants and the State Defendants, alleging in her second amended complaint that (1) the initial denial of her religious exemption request and the temporariness of the approval on appeal constituted religious discrimination by the EH Defendants; and (2) Section 13.5 of the Health Care Right

2

of Conscience Act, 745 ILCS 70, which declared that employers' actions "intended to prevent contraction or transmission of COVID-19" did not violate that Act, violated the Illinois Constitution, United States Constitution, and Illinois, federal, and international law. (See generally Dkt. 74.) EH Defendants move to dismiss (Dkt. 77), as do the State Defendants (Dkt. 80).

## II. LEGAL STANDARD

### A. Motion to Dismiss

A motion under Rule 12(b)(1) challenges the Court's subject matter jurisdiction over a case. Motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) "are meant to test the sufficiency of the complaint, not to decide the merits of the case." *Ctr. For Dermatology & Skin Cancer Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014). When considering a Rule 12(b)(1) motion, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff. *Id.* But the plaintiff bears the burden of proving that the jurisdictional requirements have been met. *Id.*

A motion under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Each complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put another

3

way, the complaint must present a "short, plain, and plausible factual narrative that conveys a story that holds together." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) (cleaned up). In evaluating a motion to dismiss, the Court must accept as true the complaint's factual allegations and draw reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678. But even though factual allegations are entitled to the assumption of truth, mere legal conclusions are not. *Id.* at 678–79.

### B. Standing

As the Supreme Court has instructed, "the irreducible constitutional minimum of standing contains three elements:" (1) an "injury in fact" that is both "concrete and particularized" and "actual or imminent"; (2) a "causal connection between the injury and the conduct complained of"; and (3) a likelihood "that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (cleaned up). Adherence to the doctrine of standing ensures that "federal courts exercise their proper function in a limited and separated government." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (quotations omitted). Establishing standing is the plaintiff's burden. *Id.* at 431.

### III. DISCUSSION

Plaintiff's second amended complaint (Dkt. 74) is largely duplicative of her first amended complaint (Dkt. 20), with the exception of a new section entitled "Standing." (See Dkt. 74 at 2–12.) In this new section, Plaintiff makes an assortment of arguments in an attempt to establish standing. None is availing.

4

Plaintiff first claims that she is suffering an ongoing injury because of her continued underemployment. (*Id.* at 3.) But these circumstances are a direct result of Plaintiff declining the job at EH despite being granted a religious exception to the vaccine mandate. This sort of self-inflicted harm motivated by fears of a future denial of a religious exemption cannot establish standing. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013); *Savel v. MetroHealth System*, 96 F.4th 932, 940 (6th Cir. 2024). Although Plaintiff would have been required to reapply for a religious exemption in the future had she taken the job at EH, this does not constitute an injury in fact, particularly when Plaintiff had already initially been granted an exemption. *See Savel*, 96 F.4th at 940. Plaintiff's fear that a religious exemption will be denied in the future is "contingent on future events that may never come to pass, which is a much too speculative state of affairs to satisfy the well-established requirement that threatened injury must be certainly impending." *Id.* (internal quotation marks omitted).

Plaintiff also suggests that she is experiencing a continual constitutional injury because there are still jobs that require COVID-19 vaccination. (Dkt. 74 at 3.) Plaintiff does not outline what these jobs are or whether she has applied for them, much less whether she has been denied an exemption to a specific vaccination requirement. (*Id.*) Generic accusations about requirements that have not personally impacted Plaintiff assert only a "hypothetical future harm that is not certainly impending," which is insufficient for standing. *See Clapper*, 568 U.S. at 402.

5

At the time Plaintiff was going through the hiring process with EH, Plaintiff asserts that she was being injured by a "continuous thereat" to her freedoms created by masking, social distancing, and other requirements aimed at slowing the spread of COVID-19 that may be imposed again in the future. (Dkt. 74 at 18.) Plaintiff also asserts that the State Defendants have continuously showed hostility towards those claiming religious exemptions but not towards those claiming medical exemptions. (*Id.*) But the Supreme Court has held that this sort of "generalized grievance," which is "shared in substantially equal measure by all or a large class of citizens . . . [,] normally does not warrant exercise of jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

At bottom, all of Plaintiff's attempts to demonstrate standing run up against *Klaassen v. Trustees of Indiana University*, where the Seventh Circuit held that those who, as did Plaintiff, receive a religious exemption to a vaccine mandate lack standing to challenge that mandate in federal court. *See* 24 F.4th 638, 639 (7th Cir. 2022) (per curiam). *Klaassen* involved eight plaintiffs who objected to receiving the COVID vaccine; seven of the plaintiffs qualified for a religious exemption. *Id.* Even though those plaintiffs had yet to receive the exemption, the Seventh Circuit found that their mere eligibility for it deprived them of standing, and, as such, only the plaintiff with no religious objection to the vaccine had standing to challenge the vaccine mandate. *Id.*

In this case, Plaintiff was not only eligible for but received a religious exemption to EH's vaccine mandate. Plaintiff's position is thus even less compelling

6

than that of the seven plaintiffs in *Klaassen*. Plaintiff's faith-based objection to the vaccine mandate—and the fact that she received an exemption in the end—precludes her effort to demonstrate that she has standing in this case.[1] Because Plaintiff lacks standing, her action must be dismissed.

## IV. CONCLUSION

Defendants' motions to dismiss (Dkt. 77 and 80) are granted, and the case is dismissed without leave to amend. *See Flynn v. FCA US LLC*, 39 F.4th 946, 954 (7th Cir. 2022) ("When a district court concludes that the plaintiff lacks standing—and thus that the court lacks jurisdiction—the judge may either dismiss without leave to amend or dismiss without prejudice.").

SO ORDERED in No. 23-cv-02799.

Date: December 30, 2024

JOHN F. KNESS
United States District Judge

---

[1] Because Plaintiff does not have standing, this Court does not address the merits of Plaintiff's claims, including Count IX (violation of the Establishment Clause). Were this Court to reach the issue, however, it would evaluate Plaintiff's claim under the "historical practices and understandings" standard established by the Supreme Court. *See Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 534–36 (2022). As the Supreme Court held in 2022, the *Lemon* test, on which the State Defendants rely, is no longer viable. *See id.*; (Dkt. 81 at 16–18.)

7